UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CASE NO. C-1-00-962
(Judge Dlott)



| | |
|---|---|
| JAMES R. POYNTER | PLAINTIFF |
| VS. | |
| UNIVERSITY HOSPITAL, INC. | DEFENDANT |

**PLAINTIFF'S REPLY TO DEFENDANT UNIVERSITY HOSPITAL'S RESPONSE IN OPPOSITION TO PLAINTIFFS MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM RESIDENT DR. LINDSEY NELSON**

The Defendant is correct that Dr. Nelson's statements about what Joe told him can't be excluded simply because those statements are prejudicial. The Plaintiff submits that this statement should be excluded because its prejudicial effect is far outweighed by it probative value. A close examination of the authority cited by the Defendant, i.e., Kentucky Central Life vs. Vonda Jones, 1993 U.S. APP. Lexus 21976 (1993) shows that it is basically supportive of Plaintiffs contention. In that case the court found medical notes that decedents doctors had recorded about a decedent's smoking habits to contain the kind of reliability and trustworthiness to qualify as an exception to the hearsay rule. Id. at P. 6(11). The Court wrote that there can be "little doubt that info regarding Jones smoking history was relevant to the physicians efforts to alleviate his illness". Kentucky Central Supra at P. 6(12). The Court pointed out that the fact that this info was not memorialized in the medical chart until five (5) weeks after the decedent visited the doctor's office did not affect the reliability of the information. The Court found it significant that the doctor was decedent's general practioner and had treated him for

1

years, was familiar with the patient and even referred to the decedent (patient) in the chart by his nickname. See <u>Kentucky Central Supra</u>. at P. 6(13).

In the instant case we have none of this indicia of reliability. Dr. Nelson never memorialized this information anywhere at any time. He did not tell Joseph's anthesiologist, even though he admits this would be important for the anthesiologist to know. This significant information is contained nowhere in the record of this case. It first becomes known 2 ½ years after the alleged fact. The Defendants can produce no one to corroborate the alleged statement. The coroner knows nothing about the statement even though Dr. Nelson claims to have "remembered" being told by Joe about the alleged cocaine use during the autopsy when the coroner commented that Joseph had a slightly enlarged heart. (See Nelson depo. P. 17)

It is quite simply rank hearsay and contains none of the safeguards that can be used to bolster the reliability of an out of court statement used to prove the truth of the statement.

The Plaintiff has cited to the Court the state rule as further authority that Dr. Nelson's statement should not come into evidence. Of course, the Plaintiffs recognize this court is not bound by state evidentiary law. Nevertheless, the Defendant has mischaracterized Ohio law on this matter. The Defendant argues that Ohio state law permits such evidence if it is used to rebut testimony in Plaintiffs case. This is wrong. What Ohio law does say is that statements attributed to the decedent cannot be used unless all the following apply: A.) The estate is a party, B.) the statement was made before death and C.) the statement is offered to rebut testimony by an adverse party on a matter that was within the knowledge of the decedent.

This rule is explained in Boley v. Kennedy, 2003 Ohio 1663, 2003 Ohio APP. Lexis 1591. The Ohio rule is not intended to permit to offer declarations of the decedent in their case in chief but is only intended <u>to permit the representative of the decedent to offer testimony made by the decedent to rebut testimony of the adverse party.</u> Id. at P. 11. Obviously the Defendant is not the representative of the decedent and thereby is precluded from introducing the purported statement of the decedent.

## CONCLUSION

Plaintiff's logic is obvious. When none of the underlying indicators of reliability exist, the exceptions to the hearsay rule should not apply. Otherwise, the doctor is free to make up whatever he wants and despite the fact that the alleged statement is not documented, is not repeated to anyone, and is not even remembered that it was said until 2 ½ years later, it is permitted to be paraded in front of a jury and attributed to the decedent.

For the above reasons as well as the reasons set forth in Plaintiffs original memorandum accompanying its motion in limine the Plaintiff respectfully requests this court to exclude Dr. Lindsey Nelson's hearsay statements from this trial.

Respectfully submitted,

_____
STEVEN J. FRANZEN
319 York Street
Newport, KY 41071
(859) 491-7700

DANA DEERING, Esq.
Ohio Bar #0067856
128 E. 2nd Street
Covington, KY 41012

3

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have this 2nd day of September, 2003 mailed a true and correct copy of the foregoing to the Hon. Bill Paliobeis, 2200 PNC Center, 201 E. Fifth Street, Cincinnati, Ohio 45202.

_____
STEVEN J. FRANZEN
